Patricia Dee Bilka
LAZARE POTTER GIACOVAS & MOYLE LLP
747 Third Avenue, 16th Floor
New York, New York 10017
(212) 758-9300

Attorneys for Plaintiff
Navigators Specialty Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>- against -<br><br>CITIZENS INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Civil Action No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Navigators Specialty Insurance Company ("Navigators"), by and through its attorneys, Lazare Potter Giacovas & Moyle LLP, as and for its complaint herein against Citizens Insurance Company of America ("Citizens"), having an address at 440 Lincoln Street, Worcester, Massachusetts, alleges as follows:

### THE NATURE OF THE ACTION

1.      In this action, Plaintiff seeks a judgment ordering Citizens to defend, indemnify and otherwise provide insurance coverage for AJD Construction Company, Inc. ("AJD") in connection with an underlying lawsuit filed by Donald J. Hoiland and Mandy Hoiland against AJD and others, currently pending in the Superior Court of New Jersey, Law Division, Hudson County.

## THE PARTIES

2.     At all times hereinafter mentioned, Navigators is and was a New York corporation duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business at One Penn Plaza, 50th Floor, New York, New York 10119.

3.     At all times hereinafter mentioned, Navigators is and was licensed to do business in the State of New Jersey and is engaged in the business of issuing insurance policies in the State of New Jersey.

4.     At all times hereinafter mentioned, Citizens, upon information and belief, is and was a foreign corporation organized and existing under the laws of the State of Michigan, with its principal place of business at 440 Lincoln Street, Worcester, Massachusetts.

5.     At all times hereinafter mentioned, Citizens, upon information and belief, is and was licensed and authorized to do business in the State of New Jersey, including the issuance of insurance policies in the State of New Jersey.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the subject claim occurred within this judicial district.

## THE UNDERLYING ACTION

8. Donald J. Hoiland and Mandy Hoiland commenced a lawsuit entitled *Donald J. Hoiland and Mandy Hoiland v. AJD Construction Co., Inc., et al.* in the Superior Court of New Jersey, Law Division, Hudson County, under Docket No. HUD-L-2754-19 (the "Underlying Action").

9. In connection with the Underlying Action, Donald Hoiland alleges that he was injured on November 2, 2017 (the alleged "accident") while working at a construction project located at 235 Grand Street, Jersey City, New Jersey (the "Premises").

10. In the Underlying Action, it is alleged that AJD was hired to perform certain work in connection with a construction project at the Premises (the "Project").

11. Upon information and belief, AJD hired, among others, Men of Steel Enterprises, LLC to perform certain work in connection with the Project prior to the alleged accident.

12. In connection with this work, Men of Steel Enterprises, LLC agreed to (among other things) procure a commercial general liability policy, with limits of at least $1,000,000 per occurrence, and a commercial umbrella policy, with limits of at least $1,000,000 per occurrence, which policies name AJD as an additional insured, and that such insurance coverage be primary and non-contributory.

13. In connection with the Underlying Action, AJD answered the First Amended Complaint and asserted cross claims against Men of Steel Enterprises, LLC, Men of Steel Rebar Fabricators, LLC (collectively, "Men of Steel") and others.

14. Donald Hoiland alleges that he was injured while working for Men of Steel on the Project.

## THE NAVIGATORS POLICY

15. Navigators issued commercial general liability policy (number NY13CGL121106IC) to named insured AJD, effective November 15, 2013 to November 15, 2018 (the "Navigators Policy").

16. Navigators is currently defending AJD in the Underlying Action.

17. The Navigators Policy contains an excess "other insurance" clause that provides that coverage under the Navigators Policy is excess over any other coverage available to AJD where, for example, AJD is an additional insured under any other policy, including any umbrella or excess policy.

## THE CITIZENS POLICY

18. Citizens issued commercial general liability policy (number ZBY A884691 01) to named insured Men of Steel (the "Citizens Policy").

19. The Citizens Policy included a policy period of April 1, 2017 to April 1, 2018.

20. The Citizens Policy was in full force and effect on November 2, 2017.

21. The Citizens Policy included a $1,000,000 per occurrence limit.

22. Upon information and belief, AJD is an additional insured on the Citizens Policy.

## AS AND FOR A FIRST CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 hereof as if fully set forth at length herein.

24. Upon information and belief, AJD is an insured or additional insured on the Citizens Policy and is otherwise entitled to coverage under said policy.

25. Citizens is required to defend, indemnify and otherwise provide insurance coverage to AJD in the Underlying Action.

26. Plaintiff timely demanded that Citizens agree to defend and indemnify AJD in the Underlying Action, and again herein so demands.

27. Citizens has improperly and without justification failed to provide said coverage to AJD.

28. Citizens has breached its obligation to defend and indemnify AJD in the Underlying Action.

29. Plaintiff requests and is entitled to a declaration that Citizens is obligated to defend and indemnify AJD in the Underlying Action under the Citizens Policy.

30. Plaintiff requests and is entitled to a declaration that any possible coverage provided by the Navigators Policy in connection with the Underlying Action is excess to the Citizens Policy.

31. Citizens is liable for any and all damages by virtue of its failure to defend and indemnify AJD in the Underlying Action, including all judgments, attorney's fees, costs, disbursements, payments and other expenses, plus interest, incurred in connection with the defense of the Underlying Action.

32. Citizens has an obligation to reimburse Plaintiff for all judgments, attorney's fees, costs, disbursements, payments and other expenses incurred in connection with the Underlying Action, plus interest.

33. There exists a real, actual and justiciable controversy between Plaintiff and Citizens.

34. Plaintiff has no adequate remedy at law.

**AS AND FOR A SECOND CAUSE OF ACTION**

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 hereof as if fully set forth at length herein.

36. AJD is an insured or additional insured on the Citizens Policy and is otherwise entitled to coverage under said policy.

37. Navigators has paid attorneys' fees, disbursements, expenses and other costs incurred in connection with the defense of AJD in the Underlying Action (the "Litigation Costs").

38. The Litigation Costs paid by Navigators in connection with the Underlying Action have been expended in good faith and in the absence of Citizens' compliance with its duty to defend AJD.

39. Plaintiff previously demanded that Citizens reimburse Navigators for the Litigation Costs incurred in connection with the Underlying Action, and again here so demands.

40. Citizens has improperly and without justification failed to provide said coverage to AJD and otherwise failed to reimburse Navigators for the Litigation Costs incurred in connection with the Underlying Action.

41. Citizens is liable for any and all damages by virtue of its failure to defend and indemnify AJD in the Underlying Action, including all Litigation Costs incurred in connection with the Underlying Action, plus interest.

**WHEREFORE,** Plaintiff Navigators Specialty Insurance Company demands judgment as follows:

A. Declaring that AJD is an insured or additional insured on the Citizens Policy;

B. Declaring that Citizens is obligated to defend and indemnify AJD on a primary and non-contributory basis in connection with the Underlying Action;

    C.    Declaring that any possible coverage provided by the Navigators Policy is excess to the Citizens Policy;

    D.    Awarding Plaintiff all damages incurred by virtue of Citizens' breach of its obligations to defend and indemnify AJD in the Underlying Action, plus interest;

    E.    Ordering Citizens to reimburse Plaintiff for all judgments, attorney's fees, costs, disbursements, payments and any other expenses incurred in connection with the Underlying Action, plus interest; and

    F.    For such other and further relief as this Court may deem just, proper and equitable, including interest, costs and attorney's fees.

Respectfully submitted,

Dated: March 31, 2022

LAZARE POTTER GIACOVAS & MOYLE LLP

By: s/ Patricia Dee Bilka
      Patricia Dee Bilka, Esq.
747 Third Avenue, 16th Floor
New York, NY 10017
Phone: (212) 758-9300
Fax: (212) 888-0919
pdeebilka@lpgmlaw.com
Attorneys for Plaintiff
Navigators Specialty Insurance Company

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

Pursuant to Local Civil Rule 11.2, Plaintiff, through its undersigned counsel, Lazare Potter Giacovas & Moyle LLP, hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: March 31, 2022

                                          LAZARE POTTER GIACOVAS & MOYLE LLP

                                          By:   s/ Patricia Dee Bilka
                                                  Patricia Dee Bilka
                                                  pdeebilka@lpgmlaw.com
                                                  747 Third Avenue, 16th Floor
                                                  New York, New York 10017
                                                  Telephone: (212) 758-9300
                                                  Facsimile: (212) 888-0919
                                                  Attorneys for Plaintiff
                                                  Navigators Specialty Insurance Company