

1500 Broadway, Suite 2401                                    T: (516) 408-2422
New York, NY 10036                                          F: (516) 461-3271

Kathleen J. Devlin                                    Direct Dial: (908) 340-0056
Partner                                               Email: kdevlin@wglaw.com

March 9, 2026

**BY E-FILING:**
The Honorable Magistrate Judge Stacey D. Adams
United States District Court for the District of New Jersey
50 Walnut Street
Courtroom: PO 8
Newark, New Jersey 07102


**Re:** ***Navigators Specialty Insurance v. Citizens Insurance Company of America***
       Case Number: 2:22-cv-01866-MEF-SDA
       Our File Number: 0110262


Dear Magistrate Judge Adams:

Pursuant to your Order entered March 2, 2026, kindly accept this joint letter on behalf of Navigators Specialty Insurance ("Navigators") and Citizens Insurance Company of America ("Citizens") in this matter.

<u>**BACKGROUND**</u>

By way of brief background, this insurance coverage action follows an underlying personal injury lawsuit against AJD Construction Co., Inc. ("AJD"), Men of Steel Enterprises, LLC, Men of Steel Rebar Fabricators, LLC (collectively, "MOS") and others arising out of a construction site accident (the "Underlying Action"). AJD (the general contractor) had subcontracted with MOS (the employer) to perform certain work on the project. In connection with this Underlying Action, Navigators here seeks defense and indemnity coverage for its named insured – AJD – as an additional insured under the policy Citizens issued to MOS. In the July 3, 2024 Opinion and Order, this Court held that Citizens had a duty to defend AJD in the Underlying Action and reimburse Navigators for past defense costs. The Court did not decide the duty to indemnify issue. The parties subsequently requested a stay in this matter pending a resolution of the Underlying Action before the parties undertook any further discovery, motion practice, etc. on the duty to indemnify issue. On November 18, 2024, the Court partially granted that stay.

Weber Gallagher Simpson Stapleton Fires & Newby LLP | www.wglaw.com

**THE HONORABLE MAGISTRATE JUDGE STACEY D. ADAMS**
**MARCH 9, 2026**
**PAGE 2 OF 3**

## JURY AWARD AND TRIAL COURT'S RULINGS IN THE UNDERLYING ACTION

On December 2, 2021, plaintiffs in the Underlying Action served an offer of judgment on AJD in the amount of $2,750,000.  AJD took no action on the offer.  On September 25, 2023, the jury returned a verdict against AJD and awarded plaintiffs $5,313,168. The jury apportioned liability as 80% against AJD and 20% against underlying plaintiff Donald Hoiland.

In October 2023, AJD moved for summary judgment and reconsideration, seeking contractual indemnification from MOS for its share of the damages award.  MOS cross-moved for a declaration that it had no duty to indemnify AJD.  On December 4, 2023, the trial judge granted AJD's motion and denied MOS's motion and issued orders directing MOS to contractually indemnify AJD "for the entirety of the jury verdict, less the amount attributable to [Donald]'s negligence, as well as interest and attorney['s fees and costs attributable to the defense of AJD."

Following the December 2023 orders, AJD moved for reimbursement of counsel fees and costs of $1,818,291.73 from MOS. MOS cross-moved to correct the judgment, arguing it should not have to pay AJD's costs and fees resulting from AJD's rejection of plaintiffs' offer of judgment. The judge found that an offer of judgment was not part of the contractual indemnification and that AJD was not entitled to reimbursement of those costs and fees.

On April 5, 2024, the court entered an order requiring AJD to pay underlying plaintiffs' counsel fees and costs of $1,818,291.73.  On June 25, 2024, the court entered final judgment directing MOS to pay AJD $5,691,072.16, such amount being comprised of $5,157,247.59 on the molded verdict and $533,824.57 in attorney's fees and costs.

## APPELLATE DIVISION'S DECISION

MOS appealed from the trial court's finding that AJD was entitled to contractual indemnification from MOS for its share of the jury award. The Appellate Division affirmed this decision.  AJD appealed from the trial court's determination that it was not entitled to contractual indemnification from MOS for sums it was required to pay to plaintiffs for not accepting plaintiffs' offer of judgment. The Appellate Division reversed this decision.  In short, as per the Appellate Division's decision, AJD was entitled to full contractual indemnification from MOS.

A copy of the Appellate Division decision dated February 6, 2026, in the Underlying Action, *Donald J. Hoiland v. AJD Construction Co. Inc.*, Superior Court of New Jersey, Appellate Division, Docket Nos. A-2753023, A-3553-23, A-3782-23, is attached hereto.

## CURRENT STATUS OF UNDERLYING ACTION

On or about February 25, 2026, pursuant to Rule 2:12-3, MOS filed a Notice of Petition for Certification with respect to the February 6, 2026 judgment of the Appellate Division, a copy of which is attached. We will provide Your Honor with a copy of the Petition upon receipt of same.

If the Petition is denied, we anticipate that the trial court in the Underlying Action will enter an Amended Final Judgment to reflect the decision of the Appellate Division.  If the Petition is granted, the Underlying Action will be deemed pending on appeal in the Supreme Court.

Weber Gallagher Simpson Stapleton Fires & Newby LLP | www.wglaw.com

**THE HONORABLE MAGISTRATE JUDGE STACEY D. ADAMS**
**MARCH 9, 2026**
**PAGE 3 OF 3**


## REQUEST FOR CONTINUED STAY OF FEDERAL ACTION AND UPDATES TO BE PROVIDED

The parties believe that this federal coverage action should remain stayed in light of the Petition filed by MOS. Any further litigation of this action may not be necessary depending on the outcome of the Underlying Action. Thus, the continued stay would save attorney's fees and judicial resources. We respectfully suggest that the stay remain in effect and that the parties continue to keep this Court updated on the status of the Underlying Action.


Respectfully submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP

*Kathleen Devlin*

Kathleen J. Devlin, Esq.